UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-25099-GAYLES

**OSMAN OMAR TORRES HUETE,**

    **Petitioner**,

v.

**PAM BONDI, in her official capacity as the
Attorney General of the United States, et al.,**

    **Respondents.**

    _____/

**ORDER**

**THIS CAUSE** comes before the Court on Petitioner's Emergency Petition for Writ of Habeas Corpus (the "Petition") against Respondents Pam Bondi, Attorney General of the United States; Garret Ripa, Director of Miami Field Office, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; and Kristi Noem, Secretary of the U.S. Department of Homeland Security (the "Respondents"). [ECF No. 1]. On December 17, 2025, the Court held a hearing on the Petition. [ECF No. 25]. Having considered the record and argument from counsel, the Petition is **GRANTED in part** for the reasons that follow.

**I.   BACKGROUND**

Petitioner is a Honduran national who arrived in the United States in March 2014. In April 2018, the Monroe County Sheriff Office arrested Petitioner for driving without a driver's license

and placed Petitioner into custody.[1] On May 22, 2018, United States Immigration and Customs Enforcement ("ICE") transferred Petitioner into its custody and filed a Notice to Appear ("NTA"), alleging that Petitioner is removable from the United States. On May 31, 2018, an Immigration Judge granted Petitioner's motion for bond and ordered ICE to release him. ICE released Petitioner from custody the next day. On February 5, 2019, an Immigration Judge ordered that the removal proceedings against Petitioner be terminated because the Notice to Appear was improvidently issued.

On October 16, 2025, while driving to work, Petitioner was intercepted by ICE agents and was placed at the Florida Soft-Sided Facility-South ("FSSFS"). On October 21, 2025, the Executive Office for Immigration Review ("EOIR") dismissed the case against Petitioner for a failure to prosecute because an NTA was not filed with the immigration court; however, Petitioner was not released from custody. On October 30, 2025, Petitioner requested a release from custody, which was denied by an ICE officer on November 1, 2025. On November 4, 2025, Petitioner was transferred to the Krome Detention Center ("Krome"). On November 6, 2025, ICE issued a new NTA, which it served on Petitioner and filed with the EOIR.

On November 4, 2025, Petitioner filed an Emergency Petition for Writ of Habeas Corpus against Respondents. [ECF No. 1]. Petitioner alleges three counts, including unlawful detention in violation of the Immigration and Nationality Act and its implementing regulations (Count I), unlawful detention in violation of Due Process under the Fifth Amendment (Count II), and violations of ICE and APA policy (Count III). Petitioner requests that the Court grant the Petition for Writ of Habeas Corpus or provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a). On November 5, 2025, the Petitioner filed a Motion for Expedited

---

[1] On May 7, 2018, Petitioner filed an asylum application, and subsequently attended the court hearings, biometrics appointment, and paid the required fees. His asylum application is still pending.

2

Consideration and for an Order to Show Cause, pursuant to 28 U.S.C. § 2243, [ECF No. 6], which the Court granted. [ECF No. 8]. On November 19, 2025, Respondents filed a response to the Order to Show Cause. [ECF No. 15]. Respondents argue that the Court lacks jurisdiction; that Petitioner has failed to exhaust administrative remedies; and that Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1226(a), and as such is not entitled to an individualized bond hearing. On November 26, 2025, Petitioner filed a Reply. [ECF No. 18].

On December 9, 2025, Petitioner filed a Notice of Supplemental Authority, [ECF No. 23], in which Petitioner notes that he is a member of the certified class in *Lázaro Maldonado Bautista v. Ernesto Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), which granted partial summary judgment relief on the question at issue in this case. Petitioner argues that the Central District of California held that "the government's policy of subjecting noncitizens who entered the United States without inspection to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is inconsistent with the plain language of the Immigration and Nationality Act, and that such individuals are eligible for custody determinations, including bond hearings, under 8 U.S.C. § 1226(a)." [ECF No. 23 at 1]. In the Notice, Petitioner also noted that on December 9, 2025, Immigration Judge Christina Martyak ("IJ Martyak") conducted a bond hearing, and denied relief under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), despite Petitioner's argument that he is a member of the certified class in *Bautista*.[2]

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The Court has jurisdiction over challenges involving immigration detention

---

[2] In the oral argument before this Court, Petitioner stated that the December 9, 2025, hearing did not qualify as an individualized bond hearing under § 1226(a).

as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a).[3] *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III. ANALYSIS

### A. Detention

The core disagreement between Petitioner and Respondents is whether Petitioner is detained pursuant to § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649 at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework,"

---

[3] Respondents' argument that 8 U.S.C. § 1252(g) bars the Court's jurisdiction is unavailing. *See, e.g. Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (rejecting argument that § 1252(g) bars jurisdiction in case about whether petitioner is subject to § 1226(a) or § 1225(b)(2)).

*Gomes,* 2025 WL 1869299 at *2, in contrast to the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the United States Department of Homeland Security ("DHS") issued a notice to all ICE employees, indicating any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino,* 2025 WL 2941609 at *3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the Board of Immigration Appeals (the "BIA") held in *Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the county for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits." *Merino,* 2025 WL 2941609 at *3 (citing cases); *see also Puga*, 2025 WL 2938369 at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have

5

rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649 at *3; *Ardon-Quiroz,* 2025 WL 3451645 at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2014, is governed by § 1226(a) and not § 1252(b)(2). Therefore, Petitioner is entitled to a bond hearing under § 1226(a) and Counts I and III are granted in part. The Court declines to reach the merits of Petitioner's due process claim in Count II, as the Court is granting in part the relief requested for Counts I and III. *See, e.g.*, *Nguyen*, 2025 WL 3451649 at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369 at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his due process claim. Since Count II "is an unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss it without prejudice[.]'" *Nguyen*, 2025 WL 3451649 at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

### B. Exhaustion of Administrative Remedies

Respondents also argue that Petitioner has failed to exhaust administrative remedies, noting that he can appeal IJ Martyak's order to the BIA. Petitioner argues that because IJ Martyak's denial was based on the BIA's decision in *Yajure Hurtado*, such an appeal to the BIA would be futile. The Court agrees with Petitioner. *Yajure Hurtado* specifically rejected the same reasoning Petitioner makes here: that he should governed by § 1226(a) and not § 1252(b)(2). There, the BIA held that an immigration judge had no authority to conduct a bond hearing for a noncitizen who entered the United States years ago without inspection because such noncitizens are seeking

6

admission under § 1225(b)(2)(A). 29 I&N Dec. 216 (BIA 2025). *Yajure Hurtado* is a published decision, and such decisions "serve as precedents in all [immigration] proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see also id.* § 1003.1(d)(1).

"[E]xhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Importantly, the exhaustion requirement under 8 U.S.C. § 1252(d)(1) is prudential, "not jurisdictional." *Kemokai v. U.S. Att'y Gen.,* 83 F.4th 886, 891 (11th Cir. 2023). Here, since any "subsequent bond appeal to the BIA is nearly a foregone conclusion under *Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga*, 2025 WL 2938369 at *2; *see also Ardon-Quiroz v. Assistant Field Dir.,* No. 25-CV-25290-JB, 2025 WL 3451645, at *5 (S.D. Fla. Dec. 1, 2025).

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Petitioner's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a) and, accordingly, Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

(2) Count II of the Petition is **DISMISSED WITHOUT PREJUDICE**.

(3) This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of January, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE